# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HUNTAIR, INC.** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-MC-23-TCK-PJC |
| **CLIMATECRAFT, INC.** | ) |
| Defendant, | ) |
| v. | ) |
| **AAON, INC.**, | ) |
| Subpoena Recipient. | ) |

## OPINION AND ORDER

This matter comes before the Court on the Motion for Attorney Fees of non-party Subpoena Recipient AAON, Inc. ("AAON"). [Dkt. # 29]. For the reasons set forth below, the Motion is **GRANTED IN PART**.

*Background*

Climatecraft, Inc. ("ClimateCraft") is the Defendant in a patent infringement lawsuit in the U.S. District Court for the Northern District of Illinois. *Huntair, Inc. v. ClimateCraft, Inc.*, Case No. 07-C-6890. ClimateCraft has asserted a defense in that action that the Huntair, Inc. ("Huntair") patents at issue in that litigation are invalid because of prior art. In support of this defense, ClimateCraft issued subpoenas to AAON in August 2008 seeking information about an AAON air handling unit ("the RL series") that has been sold to customers in the United States. Huntair, ClimateCraft and AAON are all involved in the heating, ventilation and air-conditioning ("HVAC") business.

ClimateCraft asserts that AAON manufactured prior art air handling systems of the same general type as those at issue in the Illinois lawsuit and sought documents from AAON in support of this defense. AAON sought to quash or modify the subpoenas on the grounds that they sought extensive proprietary and trade secret information. ClimateCraft's subpoenas sought an extremely broad range of information. A hearing was held on Nov. 5, 2008, and the scope of the subpoenas was greatly narrowed. Shortly after the hearing ClimateCraft further reduced the scope of its subpoenas. [Dkt. # 27]. Thereafter, the parties reached agreement on documents AAON would produce and deposition testimony it would offer. The only issue remaining is AAON's request for attorney fees and expenses relating to defending against the original subpoenas.

## *Legal Standard*

Rule 45 of the Federal Rules of Civil Procedure provides:

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

The Rule further provides:

To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information. . . .

Rule 45 "makes explicit the principle of accountability applicable to discovery matters stated in Rule 26(g)." 9A Wright & Miller, Federal Practice and Procedure: Civil 3d § 2463, p. 477. However, Rule 45(c) imposes a burden in addition to those imposed by either Rule 11 or Rule 26.

> While Rules 11 and 26(g)(2) focus on the actions and motives of the issuing party, Rule 45(c) focuses on the burden imposed on the subpoena recipient. Rule 45(c)(3) requires the court to modify or quash a subpoena that imposes an undue burden on the recipient. Rule 45(c)(1) requires the attorney issuing the subpoena to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena, and directs that the court "shall enforce this duty." That language suggests that "this duty" owed to non-parties is in addition to the duties imposed by Rules 11 and 26(g). Thus, good faith in issuing a subpoena is not sufficient to avoid sanctions under Rule 45(c)(1) if a party has issued the subpoena in violation of the duty imposed by that Rule.

*Builders Ass'n of Greater Chicago v. City of Chicago*, 2002 WL 1008455 at *3 (N.D.Ill. May 13, 2002) (*citing Liberty Mutual Ins. Co. v. Diamante*, 194 F.R.D. 20, 23 (D.Mass.2000)).  A nonparty who seeks to quash or modify a subpoena "in essence, is the same as moving for a protective order that such discovery not be allowed."  *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D.Del. 2002).

The test then is whether there has been a breach of counsel's duty to take reasonable steps to avoid imposing undue burden or expense upon the person subject to the subpoena.  *Builders Ass'n of Greater Chicago*, 2002 WL 1008455 at *3.

An award of reasonable attorneys' fees may be the appropriate measure of sanction for violation of Rule 45.  AAON seeks attorney fees of $17,347.50 incurred in opposing the ClimateCraft subpoenas.  AAON also seeks expenses of $1,000 per hour for the deposition and preparation time of its Vice-President.

### *Discussion*

In their original form, ClimateCraft's subpoenas were over-broad and unduly burdensome.  They sought an extremely broad range of sensitive information including

customer information, bid proposals, documents related to structure, operation and function of the RL series, electrical wiring diagrams, all company records from which the date of design, offer for sale, sale, manufacture, shipment, delivery or installation could be ascertained. ClimateCraft requested deposition testimony dealing with design features of AAON's RL series and a wide variety of information that AAON established was trade secrets.

AAON estimated that compliance with the original subpoenas would cost the company more than $150,000 and would reveal proprietary trade secrets to two of its competitors in the market.

The Court has reviewed the subpoenas at issue and heard extensive testimony at the Nov. 5 hearing from which it concludes that ClimateCraft's subpoenas violated Rule 45(c) by not taking reasonable steps to protect AAON from undue burden/expense. It was ClimateCraft that forced the issue by moving to compel compliance with onerous and burdensome subpoenas. AAON was then forced to seek the assistance of the Court in narrowing the scope of the documents and testimony requested. At the Nov. 5 hearing, ClimateCraft adopted a reasonable approach – an approach that could have avoided the need for a hearing had it been taken sooner.

Under the circumstances, the Court finds that AAON is entitled to be reimbursed for attorney fees it incurred defending against the ClimateCraft subpoenas. The bills submitted reflect fees of $17,347.50. The time records contain a large amount of block-billed time and some descriptions do not fully inform the Court of the subject of the work in order for the Court to make an intelligent decision as to whether the time is fully compensable and should be billed at $225 per hour. Accordingly, the Court finds that a

general 15 percent reduction is appropriate due to block-billing and vague time entries. The Court will award AAON attorney fees in the amount of $14,745.38.

The Court will not award fees of $1,000 per hour for the deposition preparation and testimony of an AAON corporate representative.  There is insufficient record evidence to support an award of this magnitude for deposition testimony.

Accordingly, AAON's Motion for Attorney Fees is **<u>GRANTED IN PART</u>**. AAON is hereby awarded the total sum of $14,745.38 as reasonable attorneys' fees incurred as the result of ClimateCraft's violation of Rule 45 in issuing a needlessly over-broad and burdensome subpoena to AAON.

DATED this 16th day of 2008.

_____
Paul J. Cleary
United States Magistrate Judge